**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDDIE ROOSEVELT HANDS,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 10-0274-WS-C |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Eddie Roosevelt Hands, a federal inmate proceeding pro se and in forma pauperis, filed a Bivens complaint,[1] which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that plaintiff's action be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. Complaint (Doc. 1).**

Plaintiff's claims are based on his criminal convictions and forfeitures that he received from this Court. He names as defendants parties associated with those

---

[1] A Bivens action is the federal counterpart to a § 1983 action, Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995), which may be pursued by a person whose constitutional rights have been violated by a federal official when no special factors counseling hesitation are present. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971). The law applied in a Bivens action is generally the law used in § 1983 actions. Abella, 63 F.3d 1065.

1

proceedings, namely: the United States of America; J. Don Foster, United States Attorney; Gina Vann, Donna Dobbins, Greg Bordenkirchar, D. Charles Sigler, Robert Erickson, Assistant United States Attorneys; and Charles R. Butler and Alex Howard, United States District Court Judges for the Southern District of Alabama.

In the complaint plaintiff makes the following allegations. On February 27, 1997, plaintiff was indicted on the charge of conspiracy to distribute and to possess with intent to distribute powder cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846, and of distribution and possession with intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a)(1). This indictment also contained a criminal forfeiture count brought pursuant to 21 U.S.C. § 853. In May, 1997, defendant Dobbins presented the government's case against plaintiff before defendant Judge Howard, which resulted in plaintiff being convicted on both counts. At sentencing on August 27, 1997, plaintiff received a sentence of life imprisonment on the first count and a concurrent twenty-year sentence of imprisonment on the second count. On February 26, 1998, defendant Judge Howard issued an order for final judgment of forfeiture in the amount of $725,000.

Plaintiff appealed his convictions and sentences. While the appeal was pending, plaintiff filed a motion to stay the execution of the forfeiture, which was denied. Plaintiff appealed the denial of the motion to stay. The denial, however, was affirmed by the Eleventh Circuit Court of Appeals, resulting in plaintiff's real and personal property sold for $157,095. Subsequently, the Eleventh Circuit reversed plaintiff's convictions and sentences and remanded them for a new trial.

On remand, plaintiff's case was reassigned to defendant Judge Butler. In February 2000, a jury re-convicted plaintiff and determined that plaintiff should forfeit $430,000 and certain real property. Plaintiff received the same sentences for his convictions, resulting in an appeal being taken of his convictions and sentences. On December 7, 2000, defendant Judge Butler issued the judgment of forfeiture. Plaintiff's convictions and sentences were affirmed on June 20, 2002.

Plaintiff claims that during his retrial, the government led by defendants Dobbins, Bordenkirchar, Sigler, Erickson, and Judge Butler "fraudulently advised the jury that the property was like it belonged to the Plaintiff. The court sent the jury to deliberate on property that had already been liquidated by the defendant." (Doc. 1 at 4). Plaintiff alleges that the jury believed he still owned the property and chose not to take this property, which was inherited from his family, id. at 7, but only took the parcel of property on which his home was situated. See Ex. 2, Doc. 1 at 15-16. "The jury was never given the opportunity to say whether they were going to take the Plaintiff's other property listed in Exhibit 2."[2] (Id. at 4). Plaintiff maintains that he is bringing this action because of this fraud on the court.

For relief, plaintiff wants to be compensated at fair market value for all the property taken from him and to receive damages from each defendant in the amount of $2 million. (Doc. 1 at 9).

---

[2] This statement is unclear as Exhibit 2 is a copy of the special verdict form indicating the property the second jury determined was to be forfeited, and the amount assessed.

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[3] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, the Court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III. Discussion.

This Court's docket reflects that plaintiff has filed several proceedings that are collateral to his direct challenges of his convictions, sentences, and forfeiture in United States v. Hands, 97-cr-00024-CB-C (11th Cir. Sept. 12, 2002). Plaintiff filed Bivens and § 1983 claims in Hands v. Reno, CA 99-1087-CB-C (S.D. Ala. June 13, 2003), against federal and state officials for their actions that resulted in his convictions. This complaint's dismissal (Doc. 48) was affirmed by the Eleventh Circuit Court of Appeals,

5

noting that the injunctive relief, which included a request for the return of his forfeited property, was properly dismissed by the district court because this relief, if granted, would have necessarily implied that his convictions were invalid. (Doc. 64 at 5).

Next plaintiff filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, Hands v. United States, CA 03-0851-CB-C (S.D. Ala. May 18, 2005), which was denied as to all claims. One of the claims was a challenge to the forfeiture (CA 97-0024-CB-C, Doc. 244 at 19-20). Included in the order dismissing the § 2255 claims was a ruling denying plaintiff's attack on the order of forfeiture under Federal Rules of Civil Procedure Rule 60(b) . (Id. at 1).

After the denial of his § 2255 motion nine days previously, plaintiff filed a 51-page complaint pursuant 28 U.S.C. § 1331 and § 2202 against the United States District Court for the Southern District of Alabama, Hands v. The United States District Court for the Southern District of Alabama, CA 05-0311-WS-M (S.D. Ala June 3, 2005), which was dismissed for lack of jurisdiction.

Even though plaintiff has previously challenged the forfeiture many times, he elected to challenge the forfeiture again in the present action, but under the theory that a fraud on the court was committed. Because the present action is barred by the statute of limitations, the Court finds that it is not necessary to address plaintiff's new theory.

Plaintiff is bringing his claim in a Bivens action. The statute of limitations applied in a Bivens action is the one for a § 1983 action brought in the state where the action is filed. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). The statute of limitations for a § 1983 action is borrowed from a state's general or residual statute of limitations for

personal injury actions, Wallace v. Kato, 549 U.S. 384, 387, 127 S.Ct. 1091, 1094, 166 L.Ed.2d 973 (2007); Owens v. Okure, 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989), because § 1983 does not contain a statute of limitations. Id.. at 249-50, 109 S.Ct. at 582 (1989). Alabama's two-year statute of limitations for personal injuries is the statute of limitations used for § 1983 actions filed in Alabama. Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

Even though state law determines the length of the limitations period, federal law governs when the statute of limitations begins to run, that is, when the cause of action accrues. Wallace, 549 U.S. at 388, 127 S.Ct. at 1095. Under federal law, "'[accrual occurs] when the plaintiff has 'a complete and present cause of action'' . . . that is, 'when plaintiff can file suit and obtain relief.'" Id. (brackets in original) (citations omitted). A plaintiff must also know or should have known of the alleged violation for the claims to accrue. Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998).

The complaint in the present action was received by the Court on May 26, 2010. (Doc. 1). Plaintiff's claims, however, did not accrue during the two years before he filed this action; they accrued much earlier. In plaintiff's factual description of his claims, he alleges that the initial forfeiture occurred after the Eleventh Circuit Court of Appeals affirmed the denial of plaintiff's motion to stay the execution of the forfeiture on March 12, 1999. (Doc. 1 at 3). He also complains that when he was retried on February 28, 2000, the second jury determined only his home place was to be forfeited, and not the other real property that had previously been forfeited, and he was to pay a fine of

7

$430,000 in U.S. currency.[4] (Doc. 1 at 4, Exs. 1, 2). Due to the length of time that has elapsed between these two forfeiture judgments and the date of filing, it is not necessary for the Court determine which forfeiture date it will use. It is readily apparent that using either date the forfeitures occurred a considerable period of time beyond the two years preceding the complaint's filing. And plaintiff was well aware of both forfeitures as reflected by the legal actions he has previously filed in this Court or by the steps that he has taken in his criminal action in this Court challenging each forfeiture. Knowing of no other reason that the statute of limitations should not be applied to this action, the undersigned finds that this action is barred by the two-year statute of limitations as the forfeitures did not occur during the two-year period preceding the filing of the complaint. See McKenzie v. United States Dept. of Justice, 143 Fed.Appx. 165 (11th Cir. July 19, 2005) (affirming a § 1915A dismissal, on the basis of the statute of limitations, of a Bivens action challenging a forfeiture).[5]

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended this action be dismissed with prejudice for failure to state a claim upon which relief can be granted. Bock, 549 U.S. at 215, 127 S.Ct. at 920-21 (when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal

---

[4] The docket sheet in CR 97-00024-CB-C reflects that on September 12, 2002, the Eleventh Circuit affirmed plaintiff's convictions and sentences. (Doc. 21).

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

8

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted), cf. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").[6]

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of September, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Court has discussed only this one ground for dismissal of this action. However, there are other grounds on which a sua sponte dismissal can occur, namely, absolute prosecutorial and judicial immunity, failure to state a fraud claim, and failure to state a claim under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within **fourteen days** of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[7] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[7]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED. R. CIV. P. 72(b)(2).